JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP -8 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL



BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WOMEN'S CLOTHING ANTITRUST       )       DOCKET NO. 350
LITIGATION                             )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

   In October 1974, a federal grand jury sitting in the
Southern District of New York handed down an indictment
against Saks & Company, Genesco, Inc. (d/b/a Bonwit Teller),
Bergdorf Goodman, Inc. and two individuals.  The indictment
charged that defendants, in violation of Section 1 of the
Sherman Act, conspired to fix the retail price of women's
outer clothing in the New York City metropolitan area.  The
Government also filed a companion civil action in the Southern
District of New York against the three corporate defendants.  The
criminal defendants all pleaded nolo contendere and paid fines
imposed by the district court.  A consent decree was entered against
the defendants in the Government's civil action in June 1977.

_____

*   Judge Caffrey took no part in the decision of this matter.

Soon after the indictment was handed down, seven private

actions involving allegations similar to those in the indictment

were filed in the Southern District of New York.  The district

court in these actions certified a class consisting of certain

New York City area customers of the corporate defendants

indicted by the Government.  See Dennis v. Saks & Co., et al.,

1975-2 CCH Trade Cases ¶60,396 (S.D.N.Y. 1975).  A settlement

in these actions has been approved by the court.

Presently before the Panel are seven other private actions

pending in three federal districts:  three in the Northern

District of Illinois, three in the Eastern District of

Pennsylvania, and one in the Southern District of New York. [1]

The three corporations indicted by the Government are

named as defendants in each of the seven actions before the Panel.

No other defendants are involved in these actions.  The com-

plaints in the actions under consideration by the Panel,

except for the market areas involved therein, track the Government's

allegations, and basically allege that, beginning at least

as early as the mid or late 1960's, the defendants and various

unnamed co-conspirators have conspired, in violation of

---

[1]    An eighth apparently related action has been filed by a
private party in the District of Massachusetts.  While the
plaintiff in this action has informed the Panel by letter that
she opposes transfer of her action under 28 U.S.C. §1407, this
action came to the attention of the Panel too late to be in-
cluded in the Panel's hearing on this matter.  Because of our
disposition of the motion now before us, no further action will
be taken at this time concerning this Massachusetts action.

- 3 -

Section 1 of the Sherman Act, to fix the price of women's

clothing. 2/   The complaints in the Illinois and Pennsylvania

actions and the complaint in the New York action allege that

defendants' conspiratorial conduct affected the price of

women's clothing purchased by defendants' charge account

customers residing in, respectively, 1) the Chicago area, 2) the

Philadelphia area, and 3) the State of New York (excluding the

New York City area) or the District of Columbia.

Each of the seven actions was filed as a purported class

action.  In the Pennsylvania actions, which have been con-

solidated for all purposes, the court has certified a class

of all charge account customers of the defendants who have

billing addresses in Delaware or specified Pennsylvania and

New Jersey counties located in the Philadelphia area, and

who have purchased a specified amount of women's clothing

from defendants' stores located in the Philadelphia and New

York City areas.  See Axelrod v. Saks & Co., 77 F.R.D. 441

(E.D. Pa. 1978).  In the New York action, the court has

certified a class of all charge account customers of the

defendants with billing addresses in the District of Columbia

or the State of New York (except members of the class certified

in Dennis, supra, 1975-2 CCH Trade Cases ¶60,396) who have

_____

2/   The complaints define "women's clothing" as "ready to
wear items of women's outerwear, such as dresses, suits and
coats, excluding shoes, millinery and accessories."

purchased a specified amount of women's apparel from defendants' stores located in the New York City area.  See Kromer v. Saks & Co., et al., 1977-2 CCH Trade Cases ¶61,771 (S.D.N.Y. 1977).  Plaintiffs in the Illinois actions seek to represent charge account customers of the defendants residing in the Chicago metropolitan area who have purchased a specified amount of women's clothing from defendants' stores located in that area.  Two of the three Illinois actions have been consolidated for all purposes.  A motion by defendants to consolidate the third, relatively recently filed Illinois action with these two actions is presently pending.

Substantial discovery has already taken place in most of the actions before the Panel.  For example, counsel for all parties in the Pennsylvania actions and in the New York action have arranged, without the need for judicial involvement, for the voluntary production by defendants of all documents produced by defendants in Dennis, supra, and  many of these documents have also been provided to plaintiffs in the Illinois actions.  In addition, most parties in these actions have already responded to interrogatories.  Finally, numerous discovery motions are sub judice in the Eastern District of Pennsylvania.

These seven actions are before the Panel on the motion of plaintiffs in two of the three Illinois actions for transfer, pursuant to 28 U.S.C. §1407, of the seven actions to a single district for coordinated or consolidated pretrial proceedings. Movants have not suggested a transferee district.  Plaintiffs in the remaining five actions, as well as all three defendants, oppose Section 1407 transfer of these actions.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Accordingly, we deny the motion to transfer.

While movants acknowledge that there may be some unique factual issues involved in, respectively, the Philadelphia, Chicago and New York actions because of the local markets and different classes involved in those actions, movants argue that common questions of fact clearly predominate in this litigation.  In each action, movants contend, plaintiffs will seek discovery from a "common core" of the defendants' headquarters' personnel concerning, inter alia, meetings of a New York "trade association or meeting group" that was apparently a co-conspirator; policy and pricing responsibilities  and determinations; contacts with competitors;

and communications with manufacturers and other third parties. In addition, movants assert, many other identical witnesses may be involved in each action, and there will be duplicative requests for access to grand jury materials located in New York.  Thus, movants argue, Section 1407 proceedings are necessary in this litigation to avoid duplication of discovery, prevent conflicting pretrial rulings, and conserve the efforts of the parties and the judiciary.

While we agree that these actions involve significant common questions of fact regarding alleged corporate policy decisions made by defendants' top managerial personnel, and that the presence of these issues commends Section 1407 transfer, on balance we are persuaded that this factor is outweighed by the advanced stage of pretrial proceedings in these actions, particularly the Pennsylvania and New York actions.  For example, classes have been certified in the Pennsylvania and New York actions and plaintiffs in those actions emphasize that they have reviewed thousands of documents voluntarily produced by the defendants.  Inclusion of the actions now before us in coordinated or consolidated pretrial proceedings would, we are convinced, disrupt the orderly progress which is being made in the Pennsylvania and New

York actions and would result in no overriding benefits to the litigation as a whole.  See In re Photocopy Paper, 305 F. Supp. 60, 61-62 (J.P.M.L. 1969).  Several other factors also help tip the scales against transfer in the context of this particular litigation:  (1) because the three Pennsylvania actions and two of the three Illinois actions  have already been consolidated for all purposes in their respective districts, only a relatively small number of actions are actually before the Panel; (2) the classes already certified or sought in each respective district do not overlap; (3) all parties except the moving plaintiffs in two Illinois actions oppose transfer; (4) at the Panel hearing on this matter, defendants offered to stipulate that the depositions of their top management witnesses may be used in each action; and (5) most of the parties have otherwise already demonstrated their willingness voluntarily to cooperate in the elimination of duplicative discovery.

In addition, we note that notices of a particular deposition could be filed in every action, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to actions in more than one district may be used in those actions; and any party could seek orders from the three district courts directing the parties to coordinate their pretrial efforts.

See <u>In re Commercial Lighting Products, Inc. Contract</u>
<u>Litigation</u>, 415 F. Supp. 392, 393 (J.P.M.L. 1976).
<u>See also</u> <u>Manual for Complex Litigation</u>, Parts I and II,
§§3.11 (rev. ed. 1977).  Also, consultation and cooperation
among the three concerned district courts, if deemed
appropriate by those courts, coupled with the cooperation
of the parties, would minimize the possibility of
conflicting pretrial rulings.  <u>See</u> <u>In re Raymond Lee</u>
<u>Organization Inc. Securities Litigation</u>, 446 F. Supp. 1266,
1268 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that the motion pursuant to
28 U.S.C. §1407 to transfer the actions listed on the
following Schedule A be, and the same hereby is, DENIED,
without prejudice to the right of any party to seek transfer
under Section 1407 if a significant change of circumstances
occurs.

DOCKET NO. 350
Schedule A

| NORTHERN DISTRICT OF ILLINOIS | Civil Action No. |
|---|---|
| Marietta Bratta, et al. v. Saks & Co., et al. | 74C-3513 |
| Ruth Rosin, et al. v. Saks & Co., et al. | 76C-3662 |
| Roslyn L. Tabloff, et al. v. Saks & Co., et al. | 77C-4309 |

SOUTHERN DISTRICT OF NEW YORK

| Sarel Kromer v. Saks & Co., et al. | 77-Civ.2914 |
|---|---|

EASTERN DISTRICT OF PENNSYLVANIA

| J. Axelrod, et al. v. Saks & Co., et al. | 76C-3805 |
|---|---|
| Mitzi Adis, et al. v. Saks & Co., et al. | 76-4011 |
| Lois Squires v. Saks & Co., et al. | 77-172 |